[Cite as *State v. Amegatcher*, 2016-Ohio-5198.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 15 CAC 10 0081 |
| FREDERIQUE AMEGATCHER | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Municipal Court, Case No. 13 CRB 00523


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      August 2, 2016


APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

ELIZABETH MATUNE                   TODD A. WORKMAN
PROSECUTING ATTORNEY          WORKMAN LAW FIRM
70 North Union                             35 North Sandusky Street
Delaware, Ohio  43015                 Delaware, Ohio  43015

*Wise, J.*

**{¶1}** Appellant Frederique Amegatcher appeals the decision of the Delaware County Municipal Court, which denied her postsentence motion to vacate a prior plea of guilty to the offense of domestic violence. Appellee is the State of Ohio. The relevant procedural facts leading to this appeal are as follows:

**{¶2}** On or about March 18, 2013, Appellant Amegatcher, a United States resident and a citizen of France, was arrested and charged with two counts of domestic violence, two counts of assault, two counts of child endangering, and two counts of persistent disorderly conduct. All were charged as misdemeanors. Appellant then appeared in the Delaware County Municipal Court for the purpose of arraignment. At that time, she entered pleas of not guilty to all eight charges.

**{¶3}** On April 10, 2013, appellant appeared in court with counsel for a pretrial and change of plea hearing. At that time, appellant entered a plea of guilty to a single misdemeanor count of domestic violence, R.C. 2919.25(A). All other charges were dismissed. Appellant was sentenced to twenty-seven days in jail, with twenty-seven days of jail credit for time already served. She was also placed on probation/community control for eighteen months.

**{¶4}** In October 2014, appellant's period of community control was complete and she was released from further obligations to the trial court.

**{¶5}** On January 21, 2015, appellant filed an application to have her conviction sealed. However, because she was determined not to be an eligible offender, her motion to seal was denied by the trial court on February 25, 2015.

**{¶6}**   On May 20, 2015, appellant was detained and placed into removal status by the United States Immigration and Customs Enforcement Agency. She was eventually released pending a final hearing on her immigration status.

**{¶7}**   On July 6, 2015, in the Delaware County Municipal Court, appellant filed an "Emergency Motion to Vacate Guilty Plea." The basis of her motion was that her trial counsel had failed to inform her of the potential immigration consequences of her guilty plea. The trial court conducted a hearing on said motion on August 14, 2015. Subsequent to this hearing, at the direction of the trial court, the State filed a memorandum contra and appellant filed a memorandum in support. No further hearings were held on the matter.

**{¶8}**   On September 17, 2015 the trial court issued a judgment entry denying appellant's motion to vacate her guilty plea.

**{¶9}**   Appellant filed a notice of appeal on October 15, 2015. She herein raises the following sole Assignment of Error:

**{¶10}** "I. APPELLANT'S RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, AND SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WERE VIOLATED."

I.

**{¶11}** In her sole Assignment of Error, appellant contends the trial court erred in denying her motion to withdraw her prior guilty plea to domestic violence, maintaining that she was deprived of the effective assistance of trial counsel during the 2013 plea proceedings. We disagree.

**{¶12}** Crim.R. 32.1 states as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶13}** Appellate review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Caraballo* (1985), 17 Ohio St.3d 66, 477 N.E.2d 627. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. Ineffective assistance of counsel can form the basis for a claim of manifest injustice to support withdrawal of a guilty plea pursuant to Crim.R. 32.1. *See State v. Dalton,* 153 Ohio App.3d 286, 292, 2003–Ohio–3813, ¶ 18. A Crim.R. 32.1 motion is not a collateral challenge to the validity of a conviction or sentence, and instead only focuses on the plea. *See State v. Bush,* 96 Ohio St.3d 235, 773 N.E.2d 522, 2002–Ohio–3993, ¶ 13. However, under the "manifest injustice" standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *See State v. Aleshire,* Licking App.No. 09–CA–132, 2010–Ohio–2566, ¶ 60.

**{¶14}** A defendant in a criminal case has a Sixth Amendment right to the effective assistance of counsel when deciding whether to enter a guilty plea. *See State v. Galdamez*, 10th Dist. Franklin No. 14AP-527, 41 N.E.3d 467, 473, 2015-Ohio-3681, ¶ 15, citing *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) (additional citations omitted). Moreover, the United States Supreme Court has recognized that "[t]he severity of deportation *** only underscores how critical it is for counsel to inform

her noncitizen client that he faces a risk of deportation." *Padilla v. Kentucky* (2010), 559 U.S. 356, 373-374, 130 S.Ct. 1473, 176 L.Ed.2d 284.

**{¶15}** In the case *sub judice*, appellant's defense attorney handling her plea in 2013 averred in a sworn affidavit that he was aware at the time that appellant "was from France," and that she had legally entered the United States. *See* Exh. 1, ¶ 8. But said defense counsel admitted that he had not ascertained her immigration status and had not reviewed the applicable immigration statute, 8 U.S.C. 1227 (a)(2)(E)(i). *Id.*[1] He also admitted that "I do not recall if I advised Ms. Amegatcher about the immigration consequences or (sic) her plea, but if I did so, it was to advise her that I am not an expert in immigration law and that she should consult an expert if she had any concerns." Exh. 1, ¶ 7.

**{¶16}** Furthermore, appellant herself averred that had she known at the time in question that entering her guilty plea made her deportable under federal law, and that she "had an affirmative defense," she never would have agreed to enter her guilty plea. *See* Exh. 2, ¶ 11.

**{¶17}** However, appellant herein does not dispute that at the 2013 plea hearing, prior to accepting her plea, the trial court asked appellant: "Do [you] understand that a criminal conviction could lead to your deportation, your exclusion from readmission to the United States, or the denial of your naturalization under U.S. laws. Do you understand?"

---

[1] The federal statute mentioned states that any alien convicted of domestic violence after admission into the United States is "deportable."

Appellant answered in the affirmative. The trial court then inquired: "And you still wish to enter a guilty plea to this charge today?" Appellant again answered in the affirmative.[2]

**{¶18}** The trial court's questioning of appellant regarding the possible deportation consequences of her plea was based on R.C. 2943.031(A), which states in pertinent part:

> Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement: 'If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'
>
> *** ."

**{¶19}** The Ohio Supreme Court has held that "substantial compliance" is the proper standard when reviewing whether a trial court complied with the notification

---

[2]   The record before us does not include a transcribed copy of the 2013 plea hearing. We note R.C. 2943.031(E) provides that "[i]n the absence of a record that the court provided the advisement described in division (A) of this section and if the advisement is required by that division, the defendant shall be presumed not to have received the advisement." However, based on the State's unrefuted assertion and quotations set forth as page 3 of its response brief, we find grounds to overcome the aforesaid presumption.

requirements contained in R.C. 2943.031(A). *See State v. Francis,* 104 Ohio St.3d 490, 820 N.E.2d 355, 2004–Ohio–6894, ¶¶ 45–46, ¶ 78.

**{¶20}** The trial court's compliance at the plea hearing with the requirement of R.C. 2943.031 thus distances the instant case from the concerns of the United States Supreme Court in *Padilla, supra.* As we emphasized in *State v. Gallegos-Martinez*, 5th Dist. Delaware No. 10-CAA-06-0043, 2010-Ohio-6463, the Kentucky court in *Padilla* did not advise the defendant at all of the possible immigration consequences of his plea and conviction, and defense counsel in that case had allegedly misadvised him that he "did not have to worry about immigration status since he had been in the country for so long." *Id.* at ¶ 22, citing *Padilla*, 130 S.Ct. 1473 at 1477. Furthermore, the *Padilla* Court focused on the "deficient performance" portion of the two-pronged standard for ineffective assistance claims as set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ultimately, the United States Supreme Court remanded the matter for further review of whether Mr. Padilla could establish prejudice under the second prong of *Strickland.* Interestingly, just before the end of the majority opinion, the Court further noted that "many States require trial courts to advise defendants of possible immigration consequences," and included R.C. 2943.031, *supra*, in its list of examples. *Padilla* at f.n. 15.

**{¶21}** In the case *sub judice*, in regard to the "prejudice" prong of *Strickland*, we find it unconvincing for appellant to maintain that if she had only been warned about the potential immigration consequences of her plea, would not have pled guilty, when she was in fact duly informed of such consequences by the trial court itself under R.C. 2943.031, and her guilty plea was entered subsequent to such notification.

**{¶22}** Accordingly, under the circumstances of the case *sub judice*, we are unpersuaded the trial court abused its discretion in declining to find a manifest injustice warranting the extraordinary step of negating appellant's prior plea to domestic violence.

**{¶23}** Appellant's sole Assignment of Error is therefore overruled.

**{¶24}** For the reasons stated in the foregoing opinion, the decision of the Municipal Court of Delaware County, Ohio, is hereby affirmed.


By: Wise, J.

Farmer, P. J., and

Delaney, J., concur.


JWW/d 0713