[Cite as *State v. Adames*, 2017-Ohio-4058.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 16-CA-85 |
| | : | |
| GABRIEL ADAMES | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of
                             Common Pleas, Case No. 16-CA-85



JUDGMENT:                     AFFIRMED



DATE OF JUDGMENT ENTRY:       May 30, 2017



APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

KENNETH W. OSWALT                          GEORGE A. KATCHMER
LICKING CO. PROSECUTOR                     1186 Brock Rd. NE
CHRISTOPHER A. REAMER                      Bloomingburg, OH 43106
20 Second St., 4th Floor
Newark, OH 43055

*Delaney, P.J.*

{¶1}   Appellant Gabriel Adames appeals from the October 11, 2016 Judgment Entry of the Licking County Court of Common Pleas.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   The following facts are adduced from appellee's bill of particulars.  Appellant began doing business as Newark Foods, LLC in Licking County, Ohio, and in early 2015, authorities learned the company was dealing in stolen goods for resale purposes and exchanging food stamp benefit cards for cash.  During an investigation, confidential informants were sent into the store offering stolen goods for sale or food stamp cards at a deeply discounted rate.  Appellant agreed to purchase the food stamp cards in exchange for less than half of the cash value of the cards.  Appellant would then use the benefits cards to purchase items from various Licking County stores to stock the shelves at Newark Foods, LLC.  Appellant directed employees and associates to engage in similar activities.

{¶3}   Between April 1, 2015 and May 26, 2015, appellant personally and/or in complicity with employees and associates purchased in excess of $1,000.00 of what store employees believed to be stolen goods for resale within their store.  At times, appellant directed individuals on specific items to steal to be re-sold in his store.

{¶4}   On June 4, 2015, appellant was charged by indictment with two counts of illegal use of supplemental nutrition or WIC program benefits pursuant to R.C. 2913.46(B), both felonies of the fifth degree, and one count of receiving stolen property pursuant to R.C. 2913.51(A), a felony of the fifth degree.

{¶5} On November 24, 2015, appellant appeared before the trial court with counsel and an interpreter and changed his pleas to ones of guilty. The Judgment Entry of appellant's change of plea and sentencing notes that appellant was advised the offenses to which he entered pleas of guilty may have the consequences of deportation, exclusion from the United States, and/or denial of naturalization pursuant to the laws of the United States. The trial court imposed a sentence of three years of community control, including a term of 60 days of local incarceration.

{¶6} On April 22, 2016, appellant filed a motion to withdraw his guilty pleas arguing he received ineffective assistance of counsel because he was not advised of "mandatory deportation." Appellant's motion is accompanied by an affidavit stating his trial counsel spoke to him for 15 minutes before his plea, told him he would not be able to become a citizen as a result of the plea, and said nothing else regarding immigration consequences. Appellant further attested that he is now "in mandatory detention with ICE and in deportation proceedings," and had he been advised of the mandatory deportation, he would not have entered pleas of guilty.

{¶7} Appellee responded with a memorandum contra and exhibits including a transcript of the change-of-plea hearing; the evidence that would have been admitted against appellant at trial; and, in a supplement, an affidavit of appellant's trial counsel and a transcript of a hearing in 1997 in which he pled to similar offenses in the state of Connecticut.

{¶8} On October 11, 2016, the trial court overruled appellant's motion to withdraw plea.

{¶9}   Appellant now appeals from the trial court's Judgment Entry of October 11, 2016.

{¶10} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶11} "A PLEA THAT IS INVOLUNTARY, UNKNOWING, AND DUE TO THE INEFFECTIVENESS OF COUNSEL MUST BE VACATED."

**ANALYSIS**

{¶12} Appellant argues he should have been permitted to withdraw his guilty pleas because defense counsel's representation was constitutionally deficient, precluding appellant from entering his plea knowingly because he was not specifically advised deportation is mandatory.  We disagree.

{¶13} Appellant filed his motion to withdraw his guilty pleas pursuant to Crim.R. 32.1, but we first note the trial court complied with R.C. 2943.031.  The Ohio Supreme Court has reiterated its stance that the seriousness of possible effects of convictions on noncitizens requires trial courts to observe "a substantive statutory right for certain criminal defendants and that * * * right therefore prevails over the general procedural provision of Crim.R. 32.1." *State v. Kona*, 148 Ohio St.3d 539, 2016-Ohio-7796, 71 N.E.3d 1023, ¶ 19, citing *State v. Francis,* 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355.  The applicable portions of R.C. 2943.031(A) require a trial court, prior to accepting a plea of guilty to a felony indictment, to address the defendant personally and to provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:  "If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are

pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

{¶14} The transcript of the change-of-plea hearing filed by appellee indicates that on November 24, 2015, appellant was sworn by the trial court and with the aid of an interpreter, answered questions from the court including whether he is a citizen of the United States, to which he answered no, and the trial court responded, "* * * [I]f you are not a citizen of the United States, you are hereby advised that the conviction of the offense to which you are pleading guilty may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the law of the United States. * * * *." (T. 6).

{¶15} Appellant argues defense trial counsel did not properly advise him that his guilty plea would result in mandatory deportation and if he had known this, he would not have entered a guilty plea; defense counsel's ineffective assistance thus precluded him from entering a guilty plea in a knowing, voluntary and intelligent manner.

{¶16} Motions to withdraw a plea of guilty based upon the failure to warn of immigration consequences are governed by R.C. 2943.031(D), but in the instant case the trial court gave the required warning. We thus turn to appellant's argument pursuant to Crim.R. 32.1, that he was not properly advised by the trial court or by defense trial counsel that deportation was mandatory upon his convictions. We note appellant avers in his motion to withdraw plea and in his argument here that he is presently held by immigrations authorities without bond, awaiting deportation, but we note the record of the instant case is devoid of any evidence that his alleged mandatory deportation is premised upon the

instant convictions. As appellee pointed out in its memorandum contra the motion to withdraw plea, appellant has at least one prior conviction of a similar welfare-fraud related offense in Connecticut from 1997. Appellant further argues upon removal from the United States, "he will be killed as a result of this plea," and we note there is no support for this assertion in the record of this case.

{¶17} Appellant's motion to withdraw his guilty plea was filed pursuant to Criminal Rule 32.1, stating: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The standard upon which the trial court is to review a request for a change of plea after sentence is whether there is a need to correct a manifest injustice. *State v. Marafa,* 5th Dist. Stark Nos. 2002CA00099, 2002CA00259, 2003-Ohio-257, ¶ 8. Our review of the trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. See *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). An appellate court may not substitute its judgment for that of the trial court when reviewing a matter pursuant to this standard. *Berk v. Matthews,* 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990). Furthermore, under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Aleshire,* 5th Dist. Licking No. 09-CA-132, 2010-Ohio-2566, ¶ 60, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus.

{¶18} Ineffective assistance of counsel can form the basis for a claim of manifest injustice to support withdrawal of a guilty plea pursuant to Crim.R. 32.1. See, *State v. Dalton,* 153 Ohio App.3d 286, 292, 2003-Ohio-3813, 793 N.E.2d 509 (10th Dist.). To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955). "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶19} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶20} Appellant argues that his trial counsel was ineffective pursuant to the standard set forth in *Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), and that he suffered a manifest injustice as a result. In *Padilla*, the United States Supreme Court held that the Sixth Amendment imposes upon counsel, in negotiating a

guilty or no-contest plea, the duty to "accurate[ly]" advise a noncitizen client concerning the immigration consequences of the plea. *Padilla* at 364 and 374. If the consequence of deportation can be "easily determined from reading the removal statute," counsel must inform his client of that fact. "When the law is not succinct and straightforward," counsel "need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.* at 368–369.

{¶21} The defendant in *Padilla* was a lawful permanent resident of the United States for more than 40 years who faced deportation to Honduras as a consequence of pleading guilty to drug-distribution charges. He claimed that he was deprived of the effective assistance of counsel when his trial attorney erroneously told him he would not be deported because he had lived in the United States for so long. The Supreme Court that "counsel must inform [his] client whether his plea carries a risk of deportation." *Id.* at 1486. The court recognized the inherent difficulty defense counsel encounters in properly advising a client of the deportation risk as a consequence of a criminal conviction due to the complexities of immigration law. *Id.* at 1483. When it is clear that a defendant will be deported based on the charges, his counsel has an affirmative duty to render the correct advice about the risk of deportation. *Id.*

{¶22} We find the instant case to be factually and legally distinguishable from *Padilla*, and conclude appellant did not receive ineffective assistance of counsel.

{¶23} This case is factually distinguishable from *Padilla* even based upon appellant's self-serving statements: appellant acknowledges defense trial counsel told him he would likely not become a citizen.  The affidavit of defense trial counsel offered by appellee offers more information, however, and states in pertinent part:

\* \* \* \*.

6)  A copy of the discovery was provided to [appellant].

7)  I had several meetings with [appellant] at my office to discuss the provided discovery and trial strategy.

8)  Additionally, [appellant] advised me that he was not a United States citizen but held status as a permanent resident alien.

9)  I advised [appellant] that a guilty plea may have negative consequence[s] on his ability to become a citizen of the United States and may form the basis for deportation.

10)  I advised [appellant] that I did not practice immigration law but that I could provide a referral to an immigration attorney if he wished to discuss the matter further.

11)  On the day of [appellant's] plea I thoroughly reviewed the guilty plea form with [appellant] including the possibility that the plea could prevent [appellant] from becoming a United States citizen and could form the basis for deportation.

\* \* \* \*.

{¶24} Unlike trial counsel in the *Padilla* case, therefore, appellant's attorney did not advise him that he would not be deported, but rather his attorney advised him before he entered his plea that his conviction carried a strong likelihood of negative immigration consequences.  We find this case comparable to *State v. Hrnjak*, 9th Dist. Summit No. 26554, 2013-Ohio-5726, ¶ 17, in which defense trial counsel advised an appellant he faced likely unspecified immigration consequences:

While neither counsel nor the trial court used the word "mandatory" or explicitly stated that he would definitely be deported, it is clear from the record that Hrnjak was advised that there was a substantial risk of deportation if he pleaded guilty to the charge. It is equally clear from the record that Hrnjak chose to proceed with the plea despite having been told he would likely be deported. This is not a case wherein the defendant was misadvised about the risk of deportation, such as in *Padilla,* or not advised at all. This is a case wherein the defendant proceeded to change his plea despite being told that he could be deported as a consequence of his conviction.

{¶25} Although appellant was not advised deportation would be mandatory upon conviction, he was aware deportation was a possibility as a consequence of the negotiated plea and a subsequent conviction. *State v. Yazici*, 5th Dist. Stark No. 2010CA00138, 2011-Ohio-583, ¶ 43; *State v. Gallegos-Martinez*, 5th Dist. Delaware No. 10-CAA-06-0043, 2010-Ohio-6463, ¶ 36-39.  Counsel never advised appellant that no deportation proceeding would result from his guilty pleas; rather, counsel made appellant aware that deportation was a possibility.  Based upon this court's review, we find no error with the trial court's determination that counsel's representation did not fall below an objective standard of reasonableness.  *State v. Bieksza*, 10th Dist. Franklin Nos. 12AP–176, 12AP–177, 2012-Ohio-5976, ¶ 17-25.

{¶26} This case is also legally distinguishable from *Padilla* and we are not convinced of the premise underlying appellant's argument, i.e, that his convictions *in this case* are "aggravated felonies" requiring mandatory deportation.  As Justice Alito

recognized in his concurrence in *Padilla*, "determining whether a particular crime is an 'aggravated felony' * * * is not an easy task. * * * Defense counsel who consults a guidebook on whether a particular crime is an 'aggravated felony' will often find that the answer is not 'easily ascertained.'" *State v. Taveras,* 12th Dist. Warren No. CA2016-06-054, 2017-Ohio-1496, ¶ 31, citing *Padilla* at 378. The majority opinion in *Padilla* excepts from the "truly clear" category of offenses those "scenarios posited by Justice Alito." *Id.* at 369. Therefore, as the determination of whether an offense is an "aggravated felony" is not "truly clear" or easily ascertainable, defense counsel's duty was to provide advice that the "criminal charges may carry a risk of adverse immigration consequences." *Id.*

{¶27} In his brief, appellant writes: "An aggravated felon for immigration purposes is any person convicted of a felony carrying a *potential sentence* (not an actual sentence) of one year or more." Brief, 6. Appellant provides no authority for this statement. Appellant entered pleas of guilty to three fifth-degree felonies. The prescribed prison term for a felony of the fifth degree is six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2929.14(A). The definition of an "aggravated felony" which subjects an alien to mandatory deportation pursuant to 8 U.S.C. 1226(c)(1)(B) includes theft offenses and receipt of stolen property "for which the term of imprisonment at (*sic*) least one year." 8 U.S.C. 1101(a)(43)(G). The trial court in the instant case overruled the motion to withdraw appellant's guilty plea in part because "the offenses in this case are not aggravated felonies as defined in 8 U.S.C. 1101(a)(43) since the term of imprisonment is not *at least* one year." (Emphasis in original), Judgment Entry, 3. Appellant has not provided us with any authority to support a different conclusion than that reached by the trial court.

{¶28} Further, appellant has not demonstrated prejudice in the record before us as a result of the alleged error of counsel; therefore, has not met the second prong of the *Strickland* test. Id. Generally, under this prong, a defendant must show a reasonable probability that, but for defense counsel's errors, he would not have pled guilty. State v. *Guerrero*, 12th Dist. Butler No. CA2010-09-231, 2011-Ohio-6530 at ¶ 5. However, "[i]n the specific context of a defense counsel's failure to advise a defendant of the immigration consequences of a guilty plea, the United States Supreme Court has held that a defendant demonstrates prejudice by 'convinc[ing] the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *State v. Tapia-Cortes*, 12th Dist. Butler No. CA2016-02-031, 2016-Ohio-8101 at ¶ 19, quoting *Padilla* at 372.

{¶29} In the case *sub judice,* in regard to the "prejudice" prong of *Strickland,* we find it unconvincing for appellant to maintain that if he had only been warned about the full potential immigration consequences of his plea, would not have pled guilty, when he was in fact duly informed of such consequences by the trial court itself under R.C. 2943.031, and her guilty plea was entered subsequent to such notification. *State v. Amegatcher*, 5th Dist. Delaware No. 15 CAC 10 001, 2016-Ohio-5198, ¶ 22, appeal not allowed*, 148 Ohio St.3d 1443, 2017-Ohio-1427, 72 N.E.3d 657. Generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice. *State v. Shiflett*, 5th Dist. Licking No. 09 CA 134, 2010-Ohio-3587, ¶ 19, citing *State v. Patterson,* 5th Dist. Stark No. 2003CA00135, 2004-Ohio-1569, ¶ 20. In the instant case, we have the additional evidence in the record of defense trial counsel's affidavit stating he reviewed

the discovery with appellant and they discussed the potential outcomes.[1]  We do not find that appellant supported his ineffective-assistance-of-counsel claim with evidence that counsel had breached the duty under *Padilla* to accurately advise him concerning the immigration consequences of his guilty plea, and that there was a reasonable probability that, but for his counsel's deficient performance, he would not have pled guilty, but would have insisted on going to trial.

{¶30} Accordingly, under the circumstances of the case *sub judice,* we are unpersuaded the trial court abused its discretion in declining to find a manifest injustice warranting the extraordinary step of withdrawing appellant's guilty pleas.  We therefore affirm the trial court's decision overruling appellant's motion to withdraw his guilty pleas.

---

[1] The discovery provided to defense counsel, and filed by appellee in response to appellant's motion to withdraw his plea, reveals overwhelming evidence against appellant.

## CONCLUSION

{¶31} Appellant's sole assignment of error is overruled and the judgment of the

Licking County Court of Common Pleas is affirmed.

By:  Delaney, P.J.,

Wise, John, J. and

Wise, Earle, J., concur.