**[Cite as *State v. Wallace*, 2020-Ohio-565.]**

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 18-CA-00015 |
| | : | 19-CA-00005 |
| JEREMY M. WALLACE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Perry County Court of
Common Pleas, Case No. 18-CR-0001

JUDGMENT: AFFIRMED

DATE OF JUDGMENT ENTRY: February 18, 2020

APPEARANCES:

For Plaintiff-Appellee:

JOSEPH A. FLAUTT
P.O. Box 569
111 N. High St.
New Lexington, OH 43764

For Defendant-Appellant:

CHARLES M. ELSEA
ABBEY M. BECCA
190 N. Broad St., Suite 200
P.O. Box 130
Lancaster, OH 43130

*Delaney, J.*

{¶1}   Appellant Jeremy M. Wallace appeals from the March 23, 2019 Entry of the Perry County Court of Common Pleas overruling his motion to withdraw his guilty plea. Appellee is the state of Ohio.

{¶2}   This appeal is consolidated from 5th Dist. Perry No. 18-CA-00015 and 19-CA-00005.

**FACTS AND PROCEDURAL HISTORY**

{¶3}   A statement of the facts underlying appellant's criminal conviction is not necessary to our resolution of this appeal.  Appellant was accused of providing alcohol to a group of minors and of having sexual intercourse with an intoxicated minor over the age of thirteen but under the age of sixteen.  Appellant's D.N.A. was consistent with evidence from a rape kit obtained from the victim.

{¶4}   Appellant was charged by indictment with one count of rape pursuant to R.C. 2907.02(A)(1)(c),[1] a felony of the first degree [Count I], and one count of unlawful sexual conduct with a minor pursuant to R.C. 2907.04(A) and (B)(3), a felony of the third degree [Count II].  Appellant entered pleas of not guilty.

---

[1] R.C. 2907.02(A)(1)(c) states in pertinent part:

> No person shall engage in sexual conduct with another who is not the spouse of the offender * * * when any of the following applies: [t]he other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age.

*Change-of-plea hearing*

{¶5}   On August 22, 2018, appellant appeared before the trial court and entered a plea of guilty to Count I, rape.  In exchange for appellant's change-of-plea, appellee entered a nolle prosequi upon Count II.  The trial court engaged in a colloquy with appellant, asking him whether he was satisfied with defense trial counsel's representation.  Appellant replied in the affirmative.  The trial court advised appellant of the maximum possible prison term and fine, and that he would be classified as a Tier III sex offender requiring lifetime registration.  When asked whether he understood, appellant replied in the affirmative.  The trial court inquired whether appellant understood the implications of post-release control and he replied in the affirmative.  The trial court accepted appellant's change of plea, found him guilty as charged upon Count I, and deferred sentencing pending a pre-sentence investigation (P.S.I.).

{¶6}   Also at the change-of-plea hearing, appellant filed a written plea of guilty stating he would be classified as a Tier III sex offender requiring mandatory lifetime registration.  Appellant acknowledged on the written plea form that defense trial counsel fully explained the implications of the Tier III sex offender designation.

{¶7}   Finally, the written plea of guilty advised appellant that he would be required to complete a 5-year term of post-release control upon his release from prison.

*Sentencing hearing*

{¶8}   On September 27, 2018, appellant appeared for sentencing.  Upon inquiry by the trial court, appellant acknowledged it was "substantially true" that he had sexual intercourse with the 15-year-old victim while she was highly intoxicated and unable to

consent.  The trial court imposed a prison term of 5 years to be followed by a 5-year term of post-release control.  Appellant was also deemed a Tier III sex offender.

*Post-sentence motion to withdraw guilty plea*

{¶9}   On December 31, 2018, appellant filed a motion to withdraw his guilty plea on the basis of ineffective assistance of counsel.  The motion asserts appellant was coerced into pleading guilty because he "thought it was the only way to see his daughter again before she becomes an adult." Motion, 2.  The motion further asserts appellant has a "bona fide defense" and pled guilty to an offense he did not commit.

{¶10} We note appellant's sworn affidavit accompanying the motion states in pertinent part:

> * * * *.
>
> 33.  [Minor victim] had approached me and had initiated the sexual contact that night.
>
> 34.  The night she was at my house she was walking talking and laughing with friends and I did not feel she was so intoxicated as to not know she was impaired in her ability to make decisions.
>
> 35.   She was awake and participated during the entire interaction.
>
> * * * *.

{¶11} A second affidavit accompanies the motion to withdraw the guilty plea, submitted by Rikkie Jones, identified as appellant's paramour at the time of the offense. This affidavit states, e.g., Jones' daughter was 16 at the time of the party and Jones

thought the other guests were the same age; and the minor victim said appellant was "hot."

{¶12} We remanded this matter to the trial court on January 19, 2019 to allow the trial court to rule upon the motion to withdraw the guilty plea. By judgment entry dated March 28, 2019, the trial court denied appellant's motion.

{¶13} Appellant now appeals from the trial court's judgment entry of March 28, 2019.

{¶14} Appellant raises three assignments of error:

## ASSIGNMENTS OF ERROR

{¶15} "I.  THE TRIAL COURT ERRED IN DENYING THE MOTION TO WITHDRAW GUILTY PLEA."

{¶16} "II.  THE TRIAL COURT ERRED IN FAILING TO HOLD A HEARING ON THE MOTION TO WITHDRAW GUILTY PLEA."

{¶17} "III.  THE TRIAL COURT ERRED IN ENTERING A GUILTY PLEA WITHOUT ADEQUATE NOTICE TO THE DEFENDANT OF THE MAXIMUM SANCTION."

## ANALYSIS

### I., II., III.

{¶18} Appellant's three assignments of error are related and will be considered together. Appellant claims the trial court should have held a hearing on the motion and permitted him to withdraw his guilty plea, and that he entered the guilty plea without adequate notice of the maximum sanction. We disagree.

*Post-Sentence Motions to Withdraw Guilty Pleas*

{¶19} Appellant's motion to withdraw his guilty plea was made pursuant to Criminal Rule 32.1, stating: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The standard upon which the trial court is to review a request for a change of plea after sentence is whether there is a need to correct a manifest injustice. *State v. Marafa*, 5th Dist. Stark Nos. 2002CA00099, 2002CA00259, 2003-Ohio-257, 2003 WL 150093, ¶ 8.

{¶20} Our review of the trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. See *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). An appellate court may not substitute its judgment for that of the trial court when reviewing a matter pursuant to this standard. *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990). Furthermore, under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Aleshire*, 5th Dist. Licking No. 09-CA-132, 2010-Ohio-2566, 2010 WL 2297917, ¶ 60, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. *Smith*, supra, 49 Ohio St.2d 261 at paragraph one of the syllabus.

*Hearing Not Required*

{¶21} Appellant argues the trial court should have allowed a hearing because the facts alleged in his pro se motions, if accepted as true, would require the court to permit

withdrawal of the guilty pleas.  A trial court is not automatically required to hold a hearing on a post sentence motion to withdraw a plea of guilty. A hearing must only be held if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea. *State v. Kent*, 10th Dist. Franklin No. 03AP722, 2004–Ohio–2129, ¶ 8.

{¶22} A trial court's decision whether to hold a hearing on the motion is also subject to review for abuse of discretion. *Smith*, supra. The term "abuse of discretion" implies the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶23} Appellant argues his claims of manifest injustice require a hearing. Specifically, he asserts he had inadequate contact with defense trial counsel and was unaware of the consequences of the guilty plea for contact with his daughter.  We reject appellant's underlying premise that a trial court must accept his claims as true without any consideration of their credibility.  In deciding a motion to withdraw a guilty plea, the trial court has the discretion to determine the "good faith, credibility and weight of the movant's assertions * * *." *State v. Wilkey*, 5th Dist. Muskingum No. CT2005-0050, 2006-Ohio-3276, ¶ 21, citing *Smith* at paragraph two of the syllabus and *State v. Caraballo*, 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985).  In this case, the only corroboration of appellant's claims are two self-serving affidavits accompanying the motion to withdraw the guilty plea.  Generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice. *State v. Patterson*, 5th Dist. Stark No. 2003CA00135, 2004-Ohio-1569, ¶ 20.

{¶24} Appellant asserts he entered a guilty plea due to ineffective assistance of counsel. Ineffective assistance of counsel can form the basis for a claim of manifest injustice to support withdrawal of a guilty plea pursuant to Crim.R. 32.1. *State v. Adames*, 5th Dist. No. 16-CA-85, 2017-Ohio-4058, 91 N.E.3d 326, ¶ 18, citing *State v. Dalton,* 153 Ohio App.3d 286, 292, 2003-Ohio-3813, 793 N.E.2d 509 (10th Dist.).

{¶25} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See*, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, 104 S.Ct. 2052, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955). "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690, 104 S.Ct. 2052.

{¶26} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

{¶27} However, under the "manifest injustice" standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Hill*, 5th Dist. Stark No. 2015 CA 00036, 2015-Ohio-3312, ¶ 14, citing *State v. Aleshire,* 5th Dist. Licking No. 09–CA–132, 2010–Ohio–2566, ¶ 60. Furthermore, " * * * if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * * " *State v. Perterseim*, 68 Ohio, App.2d 211, 213, 428 N.E.2d 863 (1980), quoting *Kadwell v. United States*, 315 F.2d 667 *(C.A.9, 1963)*.

{¶28} In the instant case, appellant does not point to evidence of counsel's alleged incompetence in the record.  As noted infra, the guilty plea was negotiated.  Appellant now contends, however, that he was innocent of the charges against him and pled guilty upon trial counsel's advice because he thought it was the only way he would ever see his daughter again.  *See* Appellant's Brief at 1.  Appellant maintains that he had no contact with defense trial counsel leading up to his trial date, and he had a "bona fide" defense to the rape charge.  Appellant further contends defense trial counsel did not inform him that a "potential" consequence of post-release control is having no unsupervised contact with children under the age of 18.  Appellant speculates this condition could affect his ability to have contact with his own daughter, and therefore his rape conviction is a manifest injustice.  We note the "bona fide defense" asserted by appellant is his self-serving claims that the 15-year-old intoxicated victim "initiated" the sexual contact and the intercourse was consensual, claims directly contradicted by appellant's expressions of remorse at the sentencing hearing.

{¶29} Moreover, a Crim.R. 32.1 motion is not a challenge to the validity of a conviction or sentence, and instead only focuses on the plea. *See State v. Bush,* 96 Ohio St.3d 235, 773 N.E.2d 522, 2002–Ohio–3993, ¶ 13. We note that the terms of this plea agreement were negotiated between the parties. Appellee dismissed Count II, a third-degree felony, and appellant faced a maximum potential prison term of 11 years upon Count I. In *State v. Pepper,* 5th Dist. Ashland No. 13 COA 019, 2014–Ohio–364, this Court emphasized: "In the review of an attempt to withdraw any such negotiated plea after the fact, we must weigh any imperfections in the process against the possibility that the defendant is avoiding a much harsher result by resolving the case. We also bear in mind that the trial court is under a duty pursuant to Crim.R.11 to ensure that the plea comports with constitutional standards." *Id.* at ¶ 40, citing *State v. Stowers,* 8th Dist. Cuyahoga No. 48572, 1985 WL 7495 (additional citations omitted).

{¶30} If we were to accept appellant's argument, a hearing would be required upon every claim of manifest injustice and the trial court would have no discretion to weigh the credibility of the allegations. Instead, the Ohio Supreme Court has held a trial court may, in the sound exercise of its discretion, judge the credibility of the affidavits in determining whether to accept affidavits as true statements of fact. *State v. Amstutz*, 5th Dist. Stark No. 2000-CA-00047, 2001 WL 46324, *2, citing *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905.

{¶31} The party moving to withdraw the guilty plea must support the allegations contained in the motion with affidavits and/or the record. Id. In *Amstutz*, supra, 5th Dist. Stark No. 2000-CA-00047, 2001 WL 46324, at *2, citing *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), we noted a defendant is not entitled to a hearing where he

or she failed to provide evidentiary-quality materials raising sufficient operative facts which would entitle the defendant to the requested relief. Appellant was required to present evidence which met a minimum level of cogency to support his claims. *Id.*, citing *State v. Combs*, 2 Ohio St.3d 112, 115, 443 N.E.2d 169 (1982). A petitioner's self-serving affidavit does not meet the minimum level of cogency. *State v. Kapper*, 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983).

{¶32} Upon review of the entirety of appellant's claims in support of his motion to withdraw plea, we are unpersuaded the trial court abused its discretion in declining to find a manifest injustice warranting the extraordinary step of negating appellant's plea, and we further find the trial court did not err or abuse its discretion in denying appellant's motion to withdraw plea without conducting an evidentiary hearing.

*Trial Court Complied with Crim.R. 11*

{¶33} Finally, appellant asserts the trial court failed to advise him during the Crim.R. 11 colloquy that his guilty plea and the resulting Tier III sex offender designation might affect his ability to have contact with his daughter. We note appellant's argument is premised upon speculation ["Considering the nature of the charges, there is a high likelihood that the Adult Parole Authority * * * could decide to restrict Jeremy's ability to see his daughter…" Brief, 17.].

{¶34} The effect of a guilty plea "is a complete admission of the defendant's guilt." See, Crim.R. 11(B)(1). The information that a guilty plea is a complete admission of guilt, along with the other information required by Crim.R. 11, ensures that defendants enter pleas with knowledge of rights that they would forgo and creates a record by which appellate courts can determine whether pleas are entered voluntarily. *State v. Griggs*,

103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 11, citing *State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990) and *State v. Ballard*, 66 Ohio St.2d 473, 479–480, 423 N.E.2d 115 (1981). The right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and therefore is subject to review under a standard of substantial compliance. *Id.* at ¶ 12, citing *Nero,* 56 Ohio St.3d at 107.

{¶35} Crim.R. 11(C)(2)(a) states the trial court must determine " * * * that the defendant is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." The Rule requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Dunham,* 5th Dist. No.2011–CA–121, 2012–Ohio–2957, ¶ 11 citing *State v. Ballard,* 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981), citing *State v. Stewart,* 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). In *State v. Griggs,* 103 Ohio St.3d 85, 2004–Ohio–4415, 814 N.E.2d 51, at ¶ 12, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

{¶36} Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. *State v. Nero,* [56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990) ]. The test for prejudice is 'whether the plea would have otherwise been made.' *Id.*

{¶37} Under the substantial-compliance standard, we review the totality of circumstances surrounding appellant's plea and determine whether he subjectively understood the effect of his plea. See, *State v. Sarkozy,* 117 Ohio St.3d 86, 2008–Ohio–509, 881 N.E.2d 1224 at ¶ 19–20; *State v. Alexander,* 5th Dist. Stark No.2012CA00115, 2012–Ohio–4843, appeal not allowed, 134 Ohio St.3d 1485, 2013–Ohio–902, 984 N.E.2d 29.

{¶38} Our review of the change-of-plea and sentencing hearing reveals the trial court advised appellant of his constitutional rights, the potential penalties for each offense, and the possibility of post-release control. The trial court also inquired as to the voluntariness of appellant's plea of guilty. In short, the trial court complied with Crim.R. 11. The record demonstrates the trial court had a meaningful dialogue with appellant, fully apprising him of the rights he was waiving. See, *State v. Tillman,* 6th Dist. Huron No. H–02–004, 2004–Ohio–1967, ¶ 20. The court engaged appellant in a personal inquiry as to whether he understood the plea agreement and its consequences. Appellant was represented throughout the hearing. Nothing in the record indicates that appellant was under the influence of any drug or other substance which would prohibit his understanding of the court's questions. The record indicates that he understood the terms of the agreement and entered an intelligent, knowing and voluntary plea. *State v. Hendricks*, 5th Dist. Muskingum No. CT2016-0010, 2017-Ohio-259, ¶ 35.

{¶39} Nor is there evidence in the record showing that if the court had advised appellant any differently appellant would not have pled guilty and instead would have insisted on going to trial. Thus we find no evidence appellant was prejudiced and he does not point to any such evidence. *Hendricks,* supra, 2017-Ohio-259 at ¶ 36.

{¶40} The record demonstrates the trial court discussed the charges with appellant. Specifically, the court informed appellant of the elements of the offenses and the possible penalties that could result from the convictions. Appellant informed the trial court that he understood the charges and the possible penalties.

{¶41} The record further demonstrates that the court notified appellant of the constitutional and non-constitutional rights encompassed by Crim.R. 11(C)(2), and the effect that a guilty plea would have on such rights. Again, appellant told the court that he understood the effect of his guilty pleas.

{¶42} The record before us therefore demonstrates the trial court complied with the statutory prerequisites of Crim.R. 11(C)(2), and appellant entered his guilty plea to Count I both voluntarily and knowingly.   The record further confirms that appellant's counsel was present at the time of the plea and that his counsel's advice was competent.

{¶43} We find the record indicates appellant answered the trial court's questions at the plea hearing correctly and appropriately, and specifically affirmed that he understood the nature of the charge against him. *See State v. Thomas,* 97 Ohio St.3d 309, 2002–Ohio–6624, ¶ 38 (noting that the "[d]efendant showed that he understood the proceedings by meaningfully responding to each of the trial court's questions"). Appellant affirmed at the plea hearing that he had fully discussed the case with counsel, and indicated no confusion regarding the proceedings.

{¶44} Accordingly, under the circumstances of the case *sub judice,* the trial court did not abuse its discretion in finding no manifest injustice which would warrant the extraordinary step of withdrawing appellant's guilty pleas. We therefore affirm the trial court's decision overruling appellant's motions to withdraw his guilty plea.

{¶45} Appellant's three assignments of error are overruled.

**CONCLUSION**

{¶46} Appellant's three assignments of error are overruled and the judgment of

the Perry County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Wise, John, J., concur.