[Cite as *State v. Felder*, 2018-Ohio-826.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2017-0037 |
| DERRON J. FELDER | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |


CHARACTER OF PROCEEDING: Criminal appeal from the Muskingum
County Court of Common Pleas, Case
No.CR2017-0027


JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: March 2, 2018


APPEARANCES:

For Plaintiff-Appellee
D. MICHAEL HADDOX
27 North Fifth Street
Zanesville, OH 43701

For Defendant-Appellant
TONY A. CLYMER
1420 Matthias Drive
Columbus, OH 43224

*Gwin, P.J.*

{¶1}    Appellant Derron J. Felder ["Felder"] appeals the May 24, 2017 and the May 31, 2017  judgment entries of the Muskingum County Court of Common Pleas that denied his pre-sentence motion to withdraw his negotiated guilty pleas.

*Facts and Procedural History*

{¶2}    On March 30, 2017, Felder entered a negotiated plea of guilty to: two counts of trafficking in cocaine, with a juvenile and school specification, a violation of 2925.03(A)(1) of the Ohio Revised Code, felonies of the fourth degree; trafficking in cocaine, with a juvenile and school specification, a violation of 2925.03(A)(1), a felony of the third degree; and trafficking in cocaine, with a juvenile and school specification, a violation of 2925.03(A)(1), a felony of the second degree.

{¶3}    In exchange for Felder's guilty pleas the parties entered into a joint sentencing recommendation that the state would agree to recommend Felder be sentenced to an aggregate term of 66 months in prison; however, the state may revise that sentencing recommendation according to the terms of a separately signed agreement.  The state further agreed to dismiss Count 2 and Count 4 of the Indictment. The Criminal Rule 11(C) and (F) plea form signed by Felder, his attorney and the assistant prosecuting attorney states, in relevant part,

> The Defendant acknowledges that the parties have engaged in plea negotiations and he accepts and agrees to be bound by the following agreement, which is the product of such negotiations.

> Upon a plea of "guilty" to Counts Five, Six, Seven and Eight as contained in the indictment, the parties agree to a joint recommendation that

Defendant be sentenced to an aggregate term of sixty-six (66) months in prison. The parties may revise the sentencing recommendation according to the terms of a separately signed agreement. The State agrees to dismiss Counts Two and Four of the indictment at the time of sentencing.

*The Defendant further acknowledges that he understands any sentencing recommendation does not have to be followed by the Court.*

*Plea of Guilty*, filed March 31, 2017 at 3 (Emphasis added). During the plea, the following exchange occurred,

THE COURT: The State of Ohio is recommending that you receive a total sentence of 66 months. They also may revise this at a later time. They also agree to dismiss Counts 2 and 4 in the indictment. Is that your understanding?

[FELDER]: Yes, sir.

THE COURT: Have you been promised anything else or threatened in any way in order to enter your plea of guilty here today?

[FELDER]: No, sir.

THE COURT: *And you understand that the prosecutor's recommendation is not binding on the Court, I do not have to follow it?*

[FELDER]: *Yes, sir.*

T. Plea Hearing, Mar. 30, 2017 at 10 (emphasis added).

{¶4} A separate written agreement specified reduced sentencing recommendations to 60, 54, or 48 months depending upon the level and number of felony drug-related "charges against additional individuals" that resulted from the information

Felder "previously provided" to law enforcement[1].  Felder, his attorney and the assistant prosecuting attorney, signed this agreement.

{¶5}    On May 9, 2017, Felder's trial counsel moved to continue the sentencing date and to waive mandatory fines due to Felder's indigency.  On May 10, 2017, Felder filed a pro se motion to withdraw his guilty pleas.  Felder contended that his sentence was to be reduced to 54 months based upon his cooperation with the state in furtherance of the "Felony Agreement" that was entered into at the time of the plea.  Felder argued that since the trial court indicated it would impose a sentence of no less than 60 months, he should be permitted to withdraw his plea. The court held a hearing on this motion May 22, 2017.  *See, Entry on Defendant's Motion to Withdraw Guilty Plea*, filed May 24, 2017(Docket Entry No. 32).  The trial court took the motion under advisement.

{¶6}    The sentencing was held on May 24, 2017.  At that hearing, the trial court first overruled Felder's motion to withdraw his negotiated guilty pleas.  The court found nothing in the motion or presented at the hearing that indicated Felder did not know what he was doing when he entered his pleas and that his pleas were entered knowingly and intelligently.  The judge stated that he believed the motion was "buyer's remorse" and could be remorse based on the separate written agreement between Felder and the state.

{¶7}    At sentencing, the state recommended a sentence of 60 months instead of the 66 months sentence agreed to in the joint sentencing recommendation.  Sent. T., May 24, 2017 at 5.  The trial court followed the state's recommendation and sentenced Felder to an aggregate prison sentence of 60 months mandatory prison time.

---

[1] The separate written agreement was sealed and submitted with the record to this Court.  This Court has reviewed the written agreement in preparation for issuing a decision in this case.

*Assignments of Error*

{¶8}   Felder raises two assignments of error for our consideration,

{¶9}   "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEAS IN VIOLATION OF HIS RIGHTS TO DUE PROCESS AS GUARANTEED BY THE CONSTITUTION OF THE UNITED STATES AND STATE OF OHIO.

{¶10}   "II. THE TRIAL COURT ERRED WHEN IT DID NOT FOLLOW THE JOINT RECOMMENDATION OF SENTENCE IN VIOLATION OF APPELLANT'S CONTRACTUAL AGREEMENT WITH THE STATE OF OHIO THAT WAS BEING PERFORMED BY APPELLANT."

I. & II.

{¶11}   In his two assignments of error, Felder contends that the trial court should have either imposed the fifty-four month sentence, which he believes he was promised by the plea agreement, or allowed him to withdraw his guilty pleas.

**FAILURE TO FILE TRANSCRIPT.**

{¶12}   At the outset we note, the record before this Court does not contain a transcript of the May 22, 2017 hearing conducted by the trial court on Felder's motion to withdraw his guilty pleas.   Accordingly, we generally presume the regularity of that proceeding and affirm.   *State ex rel. Hoag v. Lucas Cty. Bd. of Elections*, 125 Ohio St.3d 49, 2010-Ohio-1629, 925 N.E.2d 984, ¶ 12, *citing Christy v. Summit Cty. Bd. of Elections*, 77 Ohio St.3d 35, 39, 671 N.E.2d 1 (1996); *State ex rel. Duncan v. Portage Cty. Bd. of Elections*, 115 Ohio St.3d 405, 2007-Ohio-5346, 875 N.E.2d 578, ¶ 17.   Appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and

evidentiary matters that are necessary to support the appellant's assignments of error. *Wozniak v. Wozniak*, 90 Ohio App.3d 400, 409, 629 N.E.2d 500, 506 (9th Dist. 1993); *Volodkevich v. Volodkevich*, 48 Ohio App.3d 313, 314, 549 N.E.2d 1237, 1238–1239 (9th Dist. 1989). This principle is recognized in App.R. 9(B), which provides, in part, that * * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record.* * *. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385 (1980). If a partial record does not conclusively support the trial court's decision, it is presumed that the omitted portion provides the necessary support. *Wozniak*, 90 Ohio App.3d at 409, 629 N.E.2d at 506; *In re Adoption of Foster*, 22 Ohio App.3d 129, 131, 489 N.E.2d 1070, 1072–1073 (3rd Dist. 1985), *overruled on other grounds, In re Adoption of Sunderhaus*, 63 Ohio St.3d 127, 585 N.E.2d 418 (1991).

{¶13} Also, in *State v. Hooks*, 92 Ohio St.3d 83, 748 N.E.2d 528 (2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. *See, State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978). It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty*, 4th Dist. Pickaway No. 411, 1980 WL 350992 (Feb. 28, 1980), *citing Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227 (10th Dist. 1963).

**{¶14}** In the alternative we will in the interest of justice attempt to review Felder's assignments of error.

**Standard of Appellate Review – Breach of Plea Agreement.**

**{¶15}** It is the duty of the trial court as a trier of fact to determine whether there has been compliance with a plea agreement. *State v. Curry*, 49 Ohio App.2d 180, 183, 359 N.E.2d 1379 (9th Dist. 1976). In order to determine whether a plea agreement has been breached, courts must examine what the parties reasonably understood at the time the defendant entered his guilty plea. *See United States v. Partida–Parra*, 859 F.2d 629 (9th Cir. 1988).

**{¶16}** A plea agreement is generally "contractual in nature and subject to contract-law standards." *State v. Butts*, 112 Ohio App.3d 683, 679 N.E.2d 1170 (8th Dist. Cuyahoga 1996). The intent of the parties to a contract presumptively resides in the ordinary meaning of the language employed in the agreement. *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130, 509 N.E.2d 411 (1987). Contractual language giving rise to doubt or ambiguity must be interpreted against the party who used it. *Graham v. Drydock Coal Co.*, 76 Ohio St.3d 311, 667 N.E.2d 949 (1996).

**{¶17}** Plea agreements should be construed strictly against the government. *United States v. Fitch*, 282 F.3d 364 (6th Cir. 2002). "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). "When an allegation is made that a plea agreement has been broken, the defendant must merely show that the agreement was not fulfilled." *State v. Legree*, 61 Ohio App.3d 568, 573 N.E.2d 687 (6th Dist. 1988).

A prosecutor's failure to comply with the terms of the plea agreement may, in some circumstances, render a defendant's plea involuntary and undermine the constitutionality of a conviction based upon that plea. *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

**{¶18}** Accordingly, we must identify the terms of the purported plea agreement before we can determine if the state breached the agreement. *State v. Winfield,* 5th Dist. Richland No. 2005-CA–32, 2006–Ohio–721.

### ISSUES FOR APPEAL.

A. Whether the state fulfilled its obligations to Felder under the terms of the plea agreements.

**{¶19}** In the case at bar, in the Criminal Rule 11(C) and (F) plea form signed by Felder, his attorney and the assistant prosecuting attorney, the state agreed to recommend Felder be sentenced to an aggregate term of sixty-six (66) months in prison. The state further agreed that the recommendation could be revised. Felder acknowledged he understood the terms of the agreement during his colloquy with the trial court. The state ultimately recommended Felder receive an aggregate sentence of 60 months, which is what the trial court imposed. There is nothing in the record before this Court to indicate that any information Felder provided to law enforcement led to any other individual being charged with a felony drug offense so as to trigger the terms of the separate written plea agreement between Felder and the state.

**{¶20}** The state fulfilled its promises under the terms of the plea agreement. Accordingly, the state did not breach the agreement.

B. Whether the trial court was obligated to impose a 54-month prison sentence instead of a 60-month prison sentence.

**{¶21}**  It is well settled that the terms of a plea agreement do not bind the discretion of the trial court.  *State v. Pettiford*, 12th Dist. Fayette No. CA2001-08-014, 2002-Ohio-1914.  Crim.R. 11 does not anticipate that punishment will be the result of a successful bargain because sentencing is determined expressly either by statute or rests within the sound discretion of the trial court.  *State v. Mathews*, 8 Ohio App.3d 145, 146 (10th Dist. 1982).  Simply stated, final judgment on acceptance of a plea agreement and sentencing rests with the discretion of the trial court.  *State v. Fraternal Order of Eagles, Aerie No. 1224,* ___Ohio St.3d.___, 2018-Ohio-548, ___N.E.3d ____, 2018 WL 827032(Feb. 12, 2018), ¶6; *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005–Ohio–3674, 831 N.E.2d 430, ¶ 6, *quoting State v. Buchanan*, 154 Ohio App.3d 250, 2003–Ohio–4772, 796 N.E.2d 1003, ¶ 13 (5th Dist.), *quoting State v. Pettiford*, at *3.

**{¶22}**  In the case at bar, the trial court informed Felder at the plea hearing of the possible sentences for each charge to which Felder was entering a plea of guilty.  Sent. T. at 5-7. The trial court informed Felder the state is recommending that he receive a total sentence of 66 months; the state also agreed that it might revise the recommendation at a later time; and the state agreed to dismiss Counts 2 and 4 in the indictment.  Sent. T. at 10.  The trial court further informed Felder before he entered his pleas of guilty that the trial court was not bound by the state's sentencing recommendation.  Sent. T. at 10.  The Criminal Rule 11(C) and (F) plea form signed by Felder, his attorney and the assistant prosecuting attorney, also advised him the trial court was not bound to follow the state's sentencing recommendation.

{¶23} The record demonstrates that the trial court did sentence Felder to less than the 66-month sentence initially recommended by the state. Further, the record contains no evidence to indicate that any information Felder provided to law enforcement led to any other individual being charged with a felony drug offense so as to trigger the terms of the separate written plea agreement between Felder and the state. In any event, the trial court did not sign the separate agreement and did not participate in the plea bargaining negotiations between the state and Felder. The trial court never promised Felder any specific sentence.

{¶24} The reasoning provided by the trial court demonstrates that its decision regarding Felder's sentence was based on information provided by the parties and contained in the record. As such, the trial court's decision was not untenable, legally incorrect, or a denial of justice; nor does the trial court's decision reach an end or purpose not justified by reason and the evidence. We therefore find no abuse of discretion.

## STANDARD OF APPELLATE REVIEW – PRE-SENTENCE MOTION TO WITHDRAW GUILTY PLEA.

{¶25} Felder next contends that the trial court should have allowed him to withdraw his guilty plea when it became apparent that he would not receive a 54-month prison sentence. Felder moved to withdraw his guilty pleas prior to the trial court imposing sentence.

{¶26} Crim. R. 32.1 governs motions to withdraw guilty pleas and provides in pertinent part: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may

set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing, however; a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. *State v. Hamilton*, 5th Dist. Muskingum No. CT2008–0011, 2008–Ohio–6328, ¶ 32, *citing State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), at paragraph one of the syllabus.

**{¶27}** The trial court's decision to grant or deny a motion to withdraw a guilty plea is vested within the sound discretion of the court, and will not be reversed by an appellate court unless the trial court abused its discretion. *Xie,* paragraph two of the syllabus. An abuse of discretion exists where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick*, 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; *In re Guardianship of S .H.* 9th Dist. Medina No. 13CA0066–M, 2013–Ohio–4380, ¶ 9; *State v. Firouzmandi*, 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823, ¶54.

**{¶28}** In reviewing a trial court's decision regarding a motion to withdraw a guilty plea, the court in *State v. Fish* set forth a non-exhaustive list of factors to be weighed. 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995). These factors include: (1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific

reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was possibly not guilty or had a complete defense to the crime. *Fish,* 104 Ohio App.3d at 240. In weighing the ninth factor, "the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement." *State v. Davison*, 5th Dist. Stark No. 2008–CA–00082, 2008–Ohio–7037, ¶ 45, *citing State v. Kramer*, 7th Dist. Mahoning No. 01–CA–107, 2002–Ohio–4176, ¶ 58.

### ISSUE FOR APPEAL.

Whether the trial court erred by not permitting Felder to withdraw his pre-sentence guilty pleas.

**{¶29}** In the case at bar, Felder was represented by competent counsel. The trial court did give Felder a full hearing upon his pleas and upon his motion to withdraw his guilty pleas. The trial court gave full and fair consideration to Felder's motion.

**{¶30}** Neither the state nor the trial court promised Felder a 54-month sentence. Nothing in the record before this Court contains any evidence that the information Felder provided to law enforcement led to any other individual being charged with a felony drug offense so as to trigger the terms of the separate written plea agreement between Felder and the state. Felder points to no evidence contained in the record that the trial court ever promised Felder a 54-month sentence.

**{¶31}** The trial court, Felder's counsel, and the state's representations concerning Felder's potential sentence did not mislead Felder. Accordingly, contrary to Felder's assertions, defense counsel, the state and the trial court's statements were accurate

explanations about his potential sentences upon the acceptance of his pleas and the terms of the state's agreed sentencing recommendation.

**{¶32}** Therefore, defense counsel, the prosecutor's and the trial court's advice about Felder's potential sentences did not render his guilty plea involuntary, unintelligent or unknowing.

**{¶33}** Because Felder's argument regarding the underlying sentencing recommendation is without merit, the trial court did not abuse its discretion in refusing to permit Felder to withdraw his plea of guilty.

CONCLUSION.

**{¶34}** Felder's first and second assignments of error are denied. The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, Earle E., J., concur

[Cite as *State v. Felder*, 2018-Ohio-826.]