[Cite as *State v. Shrider*, 2018-Ohio-3539.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. CT2017-0089 |
| | : | |
| SPENCER T. SHRIDER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Muskingum County
                              Court of Common Pleas, Case No.
                              CR2017-0063



JUDGMENT:                     AFFIRMED



DATE OF JUDGMENT ENTRY:       August 31, 2018



APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

D. MICHAEL HADDOX                      APRIL F. CAMPBELL
MUSKINGUM COUNTY PROSECUTOR            545 Metro Place South, Suite 100
                                       Dublin, OH 43017
GERALD V. ANDERSON II
27 North Fifth St., P.O. Box 189
Zanesville, OH 43702-0189

*Delaney, J.*

{¶1} Defendant-Appellant Spencer T. Shrider appeals the October 25, 2017 sentencing entry of the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

**The Accident**

{¶2} On December 24, 2016, Defendant-Appellant Spencer T. Shrider was driving on Northpointe Drive located in Zanesville, Ohio. Sheyallen M. Herd was riding in the passenger's seat. Shrider lost control of the vehicle and hit the passenger's side of the vehicle into an electrical pole. Herd was badly injured. When emergency responders came to the scene of the accident, they found Herd unconscious in the front passenger seat. They cut Herd from the vehicle and transported him to the hospital, where he died from his injuries.

{¶3} The officer responding to the accident spoke with Shrider. When asked whether he was driving the vehicle at the time of the accident, Shrider denied driving because he had too much to drink. Witnesses to the accident stated they noticed Shrider sitting in the driver's seat of the vehicle. The officer smelled a strong odor of an alcoholic beverage coming from Shrider. Shrider was transported to the hospital where his blood was taken for medical treatment. A search warrant was obtained to test Shrider's alcohol levels. Shrider's blood alcohol level was .129 and his urine was .162. Alprazolam (Xanax) was also found in his system.

{¶4} The Ohio State Highway Patrol conducted a crash reconstruction. A photograph from the inside of the vehicle at the time of the accident showed two cans of

beer, one full and one half-empty, and a prescription bottle with the label peeled off. The bottle contained pills, which were ascertained to be Alprazolam and not prescribed to Shrider. The crash reconstruction determined the vehicle was traveling at 92 mph at the time of the accident.

**The Plea and Sentencing**

{¶5}   On February 8, 2017, Shrider was indicted by the Muskingum County Grand Jury on one count of aggravated vehicular homicide, a second-degree felony in violation of R.C. 2903.06(A)(1)(a); one count of aggravated vehicular homicide, a third-degree felony in violation of R.C. 2903.06(A)(2)(a); one count of OVI, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(a); one count of OVI, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(b); and one count of OVI, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(e). Shrider entered a plea of not guilty to all charges. Shrider was released on bond on March 8, 2017. As a term of his bond, Shrider was required to submit to random drug testing and a positive violation would be considered a violation of bond.

{¶6}   Shrider appeared before the trial court on September 5, 2017, for a change of plea hearing. Shrider and the State entered into a plea agreement where Shrider withdrew his former plea of "not guilty" and entered a plea of "no contest" to all counts as contained in the indictment. The plea agreement stated:

No promises have been made except as part of this plea agreement stated

entirely as follows:

Upon a plea of "no contest" to all Counts as contained in the indictment, the

parties agree that the State will make no recommendation as to sentencing,

leaving the same to the discretion [sic]. * * *

The plea agreement did not include any statement as to Shrider's bond.

{¶7} At the plea hearing, the trial court ordered a presentence investigation. (Sept. 5, 2017 hearing, T. 18). The trial court also continued bond pending receipt of the report. (Id.)

{¶8} By judgment entry issued September 27, 2017, the trial court revoked Shrider's bond posted on March 8, 2017. Shrider violated his bond because he tested positive for cocaine on September 20, 2017.

{¶9} Shrider filed a sentencing memorandum on October 17, 2017. He recommended a minimum sentence of two years.

{¶10} On October 23, 2017, Shrider appeared before the trial court for his sentencing hearing. At the hearing, the State referred to Shrider's bond violation:

At the – at the time of the plea here, Mr. Shrider pled no contest and the

State was going to defer as to sentencing. In the intermediate – intervening

time, Mr. Shrider, while out on bond, managed to test positive for cocaine

in a circumstance after which his – his use of substance resulted in the

death of his friend. So that, to a certain extent obviates the State's obligation

to defer.

(Oct. 23, 2017 Hearing, T. 3). The State then mentioned letters sent to the trial court from friends and family of Herd, which described their loss and the impact Herd on the

community. (T. 4). Counsel for Shrider asked to approach but the bench conference was not in the record. (T. 4). The State went on:

> As I was saying, the horrific nature of this situation and the loss is exacerbated by Mr. Shrider's behavior at the scene where he was essentially attempting to make it seem as if Mr. Herd was the one driving the vehicle and telling people that; and then, further by – it's hard to understand how someone has learned something or taken responsibility for what they have done when they are on bond for having done this horrific thing and then they continue to use illegal drugs. I – and with that, I defer to the Court as to sentence. There's nothing more powerful than what the Court heard from the letters.

(T. 4-5).

{¶11}  After hearing from Shrider's counsel and Shrider, the trial court discussed the presentence investigation. In 2015, Shrider was involved with a hit-skip, for which he was arrested after a warrant was issued. (T. 9). Shrider went to drug treatment in 2016. (T. 9). The trial court noted that when Shrider came in for his PSI, he indicated he did not need drug treatment. (T. 9). Shrider then tested positive for cocaine. (T. 9).

{¶12} The trial court read letters from Herd's family members into the record. (T. 10-16). The trial court also received letters on behalf of Shrider. (T. 16).

{¶13} The trial court remarked the issues that stood out to the court and were indicated in the letters was that Shrider denied driving at the time of the accident and he did not call 911 after the accident. (T. 16).

{¶14} After discussing the presentence investigation, the trial court imposed its sentence. Counts One and Two merged, and the State chose to sentence under Count One. The trial court sentenced Shrider to a five-year mandatory prison term. Counts Three, Four, and Five merged and the State elected to sentence under Count Three. The trial court imposed a six-month sentence to be served concurrently with the five-year prison term.

{¶15} The trial court memorialized its sentence via judgment entry issued on October 25, 2017.

{¶16} It is from this judgment Shrider now appeals.

**ASSIGNMENT OF ERROR**

{¶17} Shrider raises one Assignment of Error:

{¶18} "SHRIDER'S CONVICTION AND SENTENCE MUST BE REVERSED: THE TRIAL COURT PERMITTED THE STATE TO ATTEMPT TO INFLUENCE IT TO ORDER A HARSHER SENTENCE, WITH KNOWLEDGE OF A PLEA AGREEMENT THAT REQUIRED THE STATE TO MAKE NO RECOMMENDATION AT ALL."

**ANALYSIS**

{¶19} Shrider contends in his sole Assignment of Error that the State breached the terms of the plea agreement to make no recommendation as to sentencing when the prosecutor commented on Shrider's bond violation for testing positive for cocaine, even though the terms of the plea agreement did not require negative drug screens while on bond. Shrider argues the State's comment resulted in the trial court imposing a longer prison term upon Shrider. We disagree.

{¶20} The State referenced Shrider's positive drug screen at the sentencing hearing, but Shrider did not object at the hearing to the State's remarks. Any errors not brought to the attention of the trial court by objection or otherwise are waived and may not be raised on appeal unless they rise to the level of plain error. *State v. Petrone*, 5th Dist. Stark No. 2011CA00067, 2012-Ohio-911, ¶ 41. The Ohio Supreme Court has recently clarified the standard of review for plain error:

Crim.R. 52(B) affords appellate courts discretion to correct "[p]lain errors or defects affecting substantial rights" notwithstanding an accused's failure to meet his obligation to bring those errors to the attention of the trial court. However, the accused bears the burden to demonstrate plain error on the record, *State v. Quarterman*, 140 Ohio St.3d 464, 2014–Ohio–4034, 19 N.E.3d 900, ¶ 16, and must show "an error, i.e., a deviation from a legal rule" that constitutes "an 'obvious' defect in the trial proceedings," *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

Even if the error is obvious, it must have affected substantial rights, and "[w]e have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." *Id*. We recently clarified in *State v. Rogers*, 143 Ohio St.3d 385, 2015–Ohio–2459, 38 N.E.3d 860, that the accused is "required to demonstrate a reasonable probability that the error resulted in prejudice -- the same deferential standard for reviewing ineffective assistance of counsel claims." (Emphasis sic.) *Id*. at ¶ 22, citing *United States v. Dominguez Benitez*, 542 U.S. 74, 81–83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

If the accused shows that the trial court committed plain error affecting the outcome of the proceeding, an appellate court is not required to correct it; we have "admonish[ed] courts to notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " (Emphasis added.) *Barnes* at 27, 759 N.E.2d 1240, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

*State v. Smith*, 5th Dist. Holmes No. 17CA0017, 2018-Ohio-3175, 2018 WL 3773867, ¶ 65 quoting *State v. Thomas*, 152 Ohio St.3d 15, 2017-Ohio-8011, 92 N.E.3d 821, ¶ 32-34, reconsideration denied, 151 Ohio St.3d 1445, 2017-Ohio-8730, 87 N.E.3d 215.

{¶21} A prosecutor's failure to comply with the terms of a plea agreement may, in some circumstances, render a defendant's plea involuntary and undermine the constitutional validity of a conviction based upon that plea. *State v. Small*, 10th Dist. Franklin No. 14AP-659, 2015-Ohio-3640, 2015 WL 5209324, ¶ 18 citing *State v. Namack*, 7th Dist. No. 01 BA 46, 2002–Ohio–5187, ¶ 25, citing *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). An agreement by the prosecution to stand mute or to take no position on the sentence does not entirely preclude the government's participation in the sentencing hearing; instead, such an agreement merely restricts the government from attempting to influence the sentence by presenting the court with conjecture, opinion, or disparaging information already in the court's possession. *State v. Ross*, 179 Ohio App.3d 45, 900 N.E.2d 678, 2008–Ohio–5388, ¶ 14 (6th Dist.), citing *State v. Crump*, 3rd Dist. No. 8–04–24, 2005–Ohio–4451, ¶ 11. "Efforts by the Government to provide relevant factual information or to correct misstatements are not

tantamount to taking a position on the sentence and will not violate the plea agreement."

*Id.*

{¶22} In this case, the State agreed to make no recommendation as to sentencing. At the sentencing hearing, the State remarked that Shrider failed a drug screen while on bond. The State also referred to the letters to the trial court from the victim's family.

{¶23} A review of the sentencing hearing shows the trial court relied upon information already in its possession, not on the State's remarks, to guide its sentencing determination. On September 20, 2017, the trial court issued the judgment entry revoking Shrider's bond due to the positive drug screen. The trial court noted certain items from the presentence investigation that impacted its determination of Shrider's sentence. (T. 8). The presentence investigation included the letters from the victim's family. The trial court read the letters from the victim's family members, which included statements that Shrider was telling people he was not driving the vehicle at the time of the accident. The trial court further considered information included in the presentence investigation regarding Shrider's previous drug use and drug treatment. The trial court stated, "When you came in for your PSI you indicated you didn't need treatment. Then a urine test was taken and you tested positive for cocaine. When confronted with it, all you wanted to do was challenge the test, instead of have some initiative that maybe you have a problem." (T. 10).

{¶24} Shrider refers this Court to *State v. Watkins*, 6th Dist. Lucas No. L-15-1213, 2016-Ohio-5756, where the court remanded a matter for resentencing when it found the State had breached its promise to remain silent during sentencing. In *Watkins*, the

appellant entered a guilty plea to gross sexual imposition after he sexually assaulted a detainee while he was a corrections officer. *Id.* at ¶ 2-3. The State agreed to remain silent at sentencing pursuant to the terms of the negotiated plea agreement. *Id.* At sentencing, the State read a letter from the county sheriff *and* drew the trial court's attention to the presence of deputies in the courtroom in support of the sheriff's letter. *Id.* at ¶ 16. The Sixth District did not find that reading the letter was a per se violation of the plea agreement. The court found the prosecutor's statements in total, however, did not merely provide relevant factual information. It held the statements "were directed at drawing the court's attention to Sheriff Tharp's letter and the presence of deputies in the courtroom in support of such letter, thereby suggesting the severity of appellant's conduct in light of the position of trust he held as a sheriff's deputy. Such information was disparaging and amounts to a breach of the prosecutor's promise to stand mute sentencing." *Id.* at ¶ 16.

{¶25}    We do not find the facts of the present case rise to the demonstrative level of *Watkins.* The State indicated at the sentencing hearing that Shrider tested positive for cocaine while on bond and referred the trial court to the letters from the victim's family. This information was in possession of the trial court and cannot be characterized as conjecture, opinion, or disparaging information. The trial court did not refer to the State's comments, but predominantly referred to the presentence investigation during the hearing. Shrider pleaded guilty to a second-degree felony, which requires a mandatory prison term of two, three, four, five, six, seven, or eight years pursuant to R.C. 2929.14. The trial court sentenced Shrider to a mandatory prison term of five years, which is within sentencing guidelines. Shrider has not demonstrated a reasonable probability that the alleged error resulted in prejudice.

{¶26} Shrider's sole Assignment of Error is overruled.

## CONCLUSION

{¶27} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.