[Cite as *State v. Dunlap*, 2020-Ohio-4375.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2020 CA 00029 |
| KYLE J. DUNLAP | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
Pleas, Case No. 2018 CR 00710


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      September 9, 2020


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

WILLIAM C. HAYES      SAMUEL H. SHAMANSKY
PROSECUTING ATTORNEY      DONALD L. REGENSBURGER
PAULA M. SAWYERS      COLIN E. PETERS
ASSISTANT PROSECUTOR      ASHTON C. GAITANOS
20 South Second Street, Fourth Floor      523 South Third Street
Newark, Ohio 43055      Columbus, Ohio 43215

*Wise, John, J.*

{¶1} Appellant, Kyle J. Dunlap, appeals his conviction and sentence after a negotiated guilty plea in the Licking County Court of Common Pleas. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

{¶2} On October 4, 2018, Appellant was indicted with one count of Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, in violation of R.C. 2925.041, a felony in the second degree, and two counts of Illegal Manufacture of Drugs; Illegal Cultivation of Marihuana, in violation of R.C. 2925.04, both felonies of the second degree.

{¶3} On April 18, 2019, the State of Ohio and the Appellant reached a negotiated plea agreement. In exchange for the Appellant pleading guilty to all three charges of the indictment, the State would defer at sentencing and not argue that the applicable presumption in favor of a prison term should apply.

{¶4} On August 13, 2019, Appellant entered a plea of guilty to Counts One, Two, and Three to the indictment. After accepting Appellant's guilty plea, the trial court proceeded to sentencing. Trial counsel for Appellant referenced Appellant's efforts to assist investigators by proffering information to the Central Ohio Drug Enforcement Task Force ("CODE") in hopes to mitigate the sentence.

{¶5} When asked for a recommendation, the prosecuting attorney stated he didn't "believe that there was any cooperation with the Central Ohio Drug Enforcement Task Force. I don't believe that the individual that he mentions being in the county jail had anything to do with anything that was provided by this Defendant."

{¶6} The trial court then sentenced Appellant to an eight-year mandatory prison term.

{¶7} Thereafter, Appellant filed Appellant's Motion to Withdraw Plea. In an Affidavit to support the motion, Appellant asserts that his trial counsel assured him it was overwhelmingly likely that he would be placed on probation if he entered a plea of guilty to the original indictment. Counsel predicted there was a 99% likelihood that Appellant would be placed on probation and that any period of incarceration would not exceed sixty days of local jail time. Affidavit further asserts trial counsel told Appellant he had spoken to the judge the previous day, who had remarked that trial counsel must have been pleased that the case was resolving in the manner he hoped it would.

{¶8} The trial court denied Appellant's Motion to Withdraw Plea, finding that the Appellee's statements at sentencing were made to correct the record, and there was no breach of the parties' plea agreement. The court also noted that the comments did not affect the sentence imposed. The trial court found the Appellant failed to demonstrate that a plea withdrawal was necessary to prevent manifest injustice, and that Appellant failed to provide sufficient evidentiary support to justify conducting an evidentiary hearing.

## ASSIGNMENT OF ERROR

{¶9} On March 19, 2020, Appellant filed a notice of appeal. He herein raises the following three Assignments of Error:

{¶10} "I. THE TRIAL COURT ERRED IN FINDING THAT THERE WAS NO BREACH OF THE PLEA AGREEMENT BETWEEN THE PARTIES AND THAT APPELLANT WAS NOT ENTITLED TO SPECIFIC PERFORMANCE OF THE

PARTIES' AGREEMENT OR WITHDRAWAL OF HIS GUILTY PLEA, IN VIOLATION OF HIS RIGHTS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTIONS.

**{¶11}** "II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA WHERE SAID PLEA WAS ENTERED INVOLUNTARILY AND IN REASONABLE RELIANCE ON HIS FORMER ATTORNEY'S ASSURANCES THAT A GUILTY PLEA WOULD RESULT IN A SENTENCE MORE LENIENT THAT THE SENTENCE IMPOSED.

**{¶12}** "III. THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR AN EVIDENTIARY HEARING ON HIS MOTION TO WITHDRAW HIS GUILTY PLEA, IN VIOLATION OF HIS RIGHTS AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTIONS."

**I.**

**{¶13}** In Appellant's First Assignment of Error, Appellant argues that Appellee's comments during sentencing breached his plea agreement with the State, and the trial court must either grant the withdrawal of the plea or require specific performance of the agreement and be resentenced by a different judge. We disagree.

**{¶14}** Plea agreements are subject to contract-law principles. *State v. Felder*, 5th Dist. Muskingum No. CT2017-0037, 2018-Ohio-826, ¶16. They should be construed strictly against the government. *State v. Walsh*, 5th Dist. Licking No. 14-CA-110, 2015-Ohio-4135, ¶17. The prosecutor must fulfill any promise made in a plea agreement which induced the defendant to plea. *Id.* To show the plea agreement was broken, the defendant must show the prosecutor did not fulfill the promise. *Id.* A prosecutor's failure

to fulfill the terms of the plea agreement may "render a defendant's plea involuntary and undermine the constitutionality of a conviction based upon that plea." *Id.*

**{¶15}** An agreement for the prosecution to defer on sentencing does not preclude the government's participation at the sentencing hearing. *State v. Shrider*, 5th Dist. Muskingum No. CT2017-0089, 2018-Ohio-3539, ¶21. Such agreement only restricts the government's attempts to influence the sentence by presenting the court with conjecture, opinion, or disparaging information already in the court's possession. *Id.* The government's disclosure of relevant factual information or efforts to correct misstatements do not rise to the level of taking a position on the sentence and does not violate the plea agreement. *Id.*

**{¶16}** In *State v. Shrider*, the State agreed to make no recommendation as to sentencing. *Id.* at ¶22. At the sentencing hearing, the State disclosed to the court that the defendant failed a drug screen while on bond. *Id.* The State also referred the letters from the victim's family to the trial court. *Id.* The trial court in *Shrider* held this level of participation by the government in the sentencing hearing is not tantamount to taking a position at sentencing. *Id.* at ¶24.

**{¶17}** In this case, the State agreed to defer at sentencing and refrain from arguing that the presumption in favor of a prison term should apply. At the sentencing hearing, the trial court asked if the prosecution wished to make a sentencing recommendation. Appellee stated he had "one correction of record." T. 26. Appellee continued stating, "I don't believe that there was any cooperation with the Central Ohio Drug Enforcement Task Force. I don't believe that the individual that he mentions being in the county jail had anything to do with anything that was provided by the Defendant."

T. 26-27. We find Appellee was correcting the record regarding the State's understanding of the level of cooperation Appellant provided to CODE as is permissible under *Shrider*.

**{¶18}** Appellant's First Assignment of Error is overruled.

**II.**

**{¶19}** In Appellant's Second Assignment of Error, Appellant argues the trial court abused its discretion in denying Appellant's motion to withdraw his guilty plea. Appellant contends the plea was entered involuntarily as Appellant reasonably relied on his former attorney's assurances that a guilty plea would result in a sentence more lenient than the sentence imposed. We disagree.

**{¶20}** Crim.R. 32.1 states:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

**{¶21}** This Court's review of the trial court's ruling on a post-sentence motion to withdraw plea is "limited to a determination of whether the trial court abused its discretion. *State v. Wallace*, 5th Dist. Perry No.18-CA00015, 2020-Ohio-565, ¶20. As an appellate court may not substitute its judgment for that of the trial court, a post-sentence withdrawal motion should only be granted in extraordinary cases. *Id*. Appellant has the burden of establishing a manifest injustice warranting the withdrawal of a guilty plea. *Id*.

**{¶22}** A manifest injustice may occur if counsel provides erroneous advice of counsel regarding the sentence to be imposed. *State v. Radel*, 5th Dist. Stark No. 2009-

CA-00021, 2009-Ohio-3543, ¶13. Manifest injustice under Crim.R. 32.1 does not automatically result from trial counsel's erroneous advice or incorrect speculation regarding the sentence to be imposed. *Id.* "[A] defendant's mistaken belief or impression regarding the consequences of his plea is not sufficient to establish that such plea was not knowingly and voluntarily made." *Id.* However, a guilty plea entered into because of a "counsel's representation, as opposed to counsel's likely prediction, that such a plea would result in a lesser sentence than the sentence actually received" the trial court must permit post-sentence withdrawal of a guilty plea to prevent manifest injustice. *State v. Blatnik*, 17 Ohio App.3d 201, 203, 478 N.E.2d 1016, 1020 (6th Dist. 1984).

**{¶23}** In *Blatnik*, the record indicated the defendant pled guilty and was then sentenced. *Id.* at 204. The defendant does not assert any plea arrangement had been made concerning the length of his sentence. *Id.* The defendant also does not assert his counsel represented to him a sentence the state had promised. *Id.* The defendant only asserts counsel speculated, incorrectly, on the length of the sentence. *Id.* The Sixth District Court of Appeals found "[a]ccording to the overwhelming weight of authority, this bare assertion does not, in and of itself, constitute manifest injustice." *Id.*

**{¶24}** In this case, Appellant asserts trial counsel predicted a 99% likelihood he would be placed on probation and that any period of incarceration would not exceed sixty days of jail time. Appellant contends these assurances by trial counsel led Appellant to believe an arrangement had been made with respect to his sentence. However, nothing in the record shows that trial counsel told Appellant an agreement regarding sentencing had been reached, nor did trial counsel say with a certainty that a

specific sentence would occur. Trial counsel merely predicted, albeit inaccurately, what he thought the sentence might be.

{¶25} Appellant also asserts his trial counsel informed him the day before sentencing he conversed with the sentencing judge who commented about counsel being pleased that the case was concluding in the manner that he hoped it would. However, no representation from the trial counsel to Appellant that an agreement to the length of sentencing had been made, only inaccurate speculation by the trial counsel that due to the trial court's comments the sentencing would be more lenient than that imposed.

{¶26} Therefore, according to the overwhelming weight of authority, the bare assertion of the attorney's prediction of the sentence does not, in and of itself, constitute manifest injustice.

{¶27}  Appellant's Second Assignment of Error is overruled.

### III.

{¶28} In the Appellant's Third Assignment of Error, Appellant argues the trial court erred in denying Appellant's request for an evidentiary hearing on his motion to withdraw his guilty plea. We disagree.

{¶29}  As noted above, Crim.R. 32.1 states:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

**{¶30}** Though Crim.R. 32.1 does not expressly require an evidentiary hearing, a hearing is only required if the facts alleged in the motion are accepted as true by the trial court, and those facts would require that the plea be withdrawn. *State v. Smith*, 1st Dist. Hamilton No. C-180081, 2019-Ohio-3642, ¶34. The decision to hold a hearing is discretionary and may be reversed only if the court abused its discretion. *Id*. In *Smith*, the defendant, as well as his attorney, submitted affidavits demonstrating that, because of defendant's counsel's drug addiction, he was incapable of functioning as counsel under the Sixth Amendment. *Id*. at ¶42.

**{¶31}** The defendant must support the allegations made in their motion to withdraw a guilty plea with affidavits and/or the record. *State v. Hutchinson*, 5th Dist. No. 16-CA-108, 2018-Ohio-200, 104 N.E.3d 91, ¶43. The defendant is "not entitled to a hearing where he or she failed to provide evidentiary-quality materials raising sufficient operative facts which would entitle the defendant to the requested relief." *Id*. The defendant must present evidence which meets a minimum level of cogency to support his or her motion. *Id*.

**{¶32}** In *Hutchinson*, on October 18, 2016, the defendant pleaded guilty to: felonious assault of a police officer and the second accompanying firearm specification; improper handling of a firearm in a motor vehicle; violation of a protection order; forgery; and possession of criminal tools. *Id*. at ¶19. Appellant entered an Alford plea to Count II, which was amended to attempted felonious assault and the accompanying firearm specification. *Id*.

{¶33} Between October 31, 2016, and November 15, 2016, the defendant filed a series of motions to withdraw his guilty plea, arguing he blacked out and had no memory of telling his trial counsel he agreed to the plea agreement. *Id.* at ¶20-21.

{¶34} Appellee responded to these motion on November 3, 2016, and November 17, 2016. *Id.* at ¶21-22.

{¶35} On November 29, 2016, the trial court entered a "Decision and Order Denying Defendant's Motions to Withdraw Guilty Pleas." *Id.* at ¶24.

{¶36} This Court held a petitioner's self-serving affidavit does not meet the minimum level of cogency. *Id.* at ¶43. "[A] trial court may assess the credibility of a movant's assertions." *Id.* at 44.

{¶37} In this case, Appellant submitted a self-serving affidavit, as well as a recorded telephone conversation allegedly between Appellant's trial counsel and "John," an acquaintance of the Appellant, with no accompanying authentication.

{¶38} Ohio Evid.R. 901 states:

(A)    **General Provision:** The requirement of authentication as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

{¶39} The recording of the telephone conversation was not accompanied by any authentication, making it inadmissible under Ohio Evid.R. 901 and not "evidentiary-quality material." As such, the only remaining affidavit is Appellant's self-serving affidavit, which does not meet the minimum level of cogency to support Appellant's claims of manifest injustice.

{¶40} Appellant's Third Assignment of Error is overruled.

{¶41} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is hereby affirmed.


By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, J., concur.


JWW/b 0903